## GUARDIANSHIP OF Rose WINSTON.

Supreme Judicial Court of Maine.

Submitted on Briefs March 20, 1992.

Decided May 27, 1992.

Joan L. Siegemund, pro se.

Gregory A. Tselikis, Richard P. LeBlanc, Bernstein, Shur, Sawyer & Nelson, Portland, for appellee.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, and COLLINS, JJ.

ROBERTS, Justice.

Joan Siegemund appeals the decision of the Washington County Probate Court (*Holmes, J.*) denying her *ex parte* request to be appointed temporary guardian of her mother, Rose Winston. She contends that the probate court had jurisdiction and that emergency circumstances existed requiring the probate court to appoint her temporary guardian. Although we agree that the probate court had jurisdiction, we do not agree

that the circumstances in this case required the court's interference *ex parte* with an order of a Massachusetts probate court. Accordingly, we affirm the judgment.

Rose Winston is 87 years old and is presently cared for in East Machias. Winston has been the subject of guardianship proceedings in the Suffolk County Probate Court in Massachusetts since September 1987. On October 28, 1991, Siegemund filed an *ex parte* petition in the Washington County Probate Court in Maine seeking to have herself appointed temporary guardian pursuant to 18–A M.R.S.A. § 5–310 (Supp. 1991). Siegemund specifically requested that no notice be given to the existing Massachusetts guardian, alleging that notice would result in delay and further endangerment to her mother. Siegemund's stated purpose in seeking an *ex parte* order was to enable her to remove her mother from Machias to Siegemund's home in California. Despite the lack of notice, the Massachusetts guardian learned of Siegemund's petition and filed a certificate of his appointment by the Suffolk County Probate Court.

The Maine court denied Siegemund's petition for temporary guardianship on the ground that, because a guardian had already been appointed in Massachusetts, it lacked jurisdiction. The court stated that its power to appoint a temporary guardian pursuant to section 5–310 should be exercised only if the situation required immediate action and the guardian was not performing his duties. The court concluded, however, that there was insufficient evidence to establish that an emergency existed and denied the petition. Siegemund's appeal followed.

I.

■ The Washington County Probate Court erroneously held that it did not have jurisdiction. Section 1–301 of the probate code provides: "Except as otherwise provided in this Code, this Code applies to ... incapacitated persons and minors in this State." 18–A M.R.S.A. § 1–301 (1981). Since Winston is currently living in Maine, the court clearly has jurisdiction under the probate code. The fact that the Massachu-

setts court had already appointed a guardian did not deprive the Maine court of jurisdiction to entertain Siegemund's petition.

II.

■ Based on the record before the probate court, Siegemund contends that the conditions of her mother's treatment and care constitute an emergency situation under section 5–310 and that the probate court must step in and appoint her as temporary guardian. More specifically, she contends that her mother's medication is being withheld and that she is being given unauthorized medication, all in an effort to harm her mother. Section 5–310 of the probate code provides in pertinent part:

> If an appointed guardian is not effectively performing his duties and the court further finds that the welfare of the incapacitated person requires immediate action, it may, with or without notice, appoint a temporary guardian for the incapacitated person for a specified period not to exceed 6 months.

The probate court found that Winston suffers from serious medical problems, which are the same problems that necessitated the appointment of a guardian in Massachusetts. Although there was evidence that Winston was given unauthorized medication on one occasion, the court concluded that "there is insufficient evidence to establish that an extremely serious emergency exists which would authorize this Court to appoint a temporary guardian for Dr. Rose Winston." There is nothing in the record to suggest that the present care or treatment of Winston is inappropriate or not in her best interest. The record does not compel a finding that an emergency exists and accordingly the probate court's decision must be affirmed. *See Hamm v. Hamm*, 584 A.2d 59, 62 (Me. 1990).

The entry is:

Judgment affirmed.

All concurring.